

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MAGANA-COLIN,<br><br>Defendant. | ) <br> ) Cr. No. 03-0856GT <br> ) <br> ) **ORDER** <br> ) |

On June 24, 2009, Defendant's, Juan Magana-Colin ("Mr. Magana"), Motion to Dismiss OSC came on for hearing before the Court. The Court has fully considered this matter, including the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Magana's Motion is **DENIED**.

On April 23, 2003, Mr. Magana pled guilty in this Court to two counts of illegal entry, in violation of 8 U.S.C. § 1325. He was sentenced to 30 months imprisonment and 1 year of supervised release. On April 27, 2005, Mr. Magana was released from prison and deported to Mexico. Mr. Magana's supervised release commenced on this date. Thereafter, on August 4, 2005, Mr. Magana illegally re-entered the United States.

On November 30, 2005, Mr. Magana pled guilty to illegal re-entry before Judge Whalen and

was sentenced to 48 months imprisonment. In the plea agreement for Judge Whalen's case, Mr. Magana admitted he was in violation of his supervised release in this case. Additionally, in the written plea agreement Mr. Magana agreed:

> "not to file or argue any motions in relation to the Order to Show Cause issued on the basis of the supervised release violation and waive[s] any right to appeal or collaterally attack the sentence imposed for violation of supervised release." (I flagged this section for you.)

Hence, Mr. Magana specifically agreed not to argue any motions in relation to the violation of his supervised release in this case.

On March 6, 2006, while Mr. Magana was in prison on Judge Whalen's case, Probation filed a petition for warrant for the violation in this case. The Court issued on a no-bail bench warrant on this date as well. Mr. Magana was released from prison on March 19, 2009 and the no-bail bench warrant was executed. Mr. Magana was arraigned on his supervised release violation on March 20, 2009.

Mr. Magana now argues that the three year delay from the issuance of the bench warrant and his arraignment on the OSC violates his Due Process Rights, 18 U.S.C § 3161, and Fed Rule Crim. P. 32.1.

The Court denies Mr. Magana's Motion to Dismiss for several reasons. First, Mr. Magana specifically agreed in the plea agreement in Judge Whalen's case not to argue any motions, appeal or collaterally attack the issues or sentence related to this OSC. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Magana expressly waived his right to bring any motions, his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Magana is now precluded from challenging the OSC. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable). Additionally, since Mr. Magana received the benefit of the plea agreement in Judge Whalen's case, he can not now argue, appeal or collaterally attack the OSC.

Second, even if Mr. Magana was allowed to contest the OSC, his argument still fails. Fed. R. Crim. P. 32.1(b)(1)(A) provides that "a person held in custody for violating probation or

2

supervised release must be taken without unnecessary delay before a magistrate judge" for an initial appearance, who then must "promptly conduct" a preliminary hearing, and the court "must hold the revocation hearing within a reasonable time." Fed. R. Crim. P. 32.1(a), (b)(1) and (b)(2). In <u>Moody v. Daggett</u>, 429 U.S. 78, 87 (9176), the Supreme Court stated that the <u>execution</u> of the warrant and the resulting custody pursuant to that warrant are the triggering event for these rules, not the original issuance of the warrant as argued by defense counsel. Mr. Magana was arrested on the warrant on March 19, 2009. He was arraigned on the violation on March 20, 2009. Hence, Rule 32.1(b)(1)(A) was not violated. Likewise, § 3161(a) (the Speedy Trial Act) was not violated because Mr. Magana was before the magistrate on the OSC the day after he was arrested on the no-bail bench warrant. Finally, there is no law that requires the Government to prosecute an OSC while a defendant is still in either state or federal prison on another charge. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss OSC is **DENIED**.

**IT IS SO ORDERED.**

June 23, 2009
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel